# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TITO E. MENJIVA and JOAN CALE,**

    **Plaintiffs,**

**v.**                                              **Case No:   6:14-cv-2057-Orl-31KRS**

**E & L CONSTRUCTION SERVICE, LLC,**
**ERICK HERNANDEZ, HALE'S**
**PAINTING and GREG HALE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **AMENDED MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 14)**
>
> **FILED:**     **May 13, 2015**

## I. PROCEDURAL HISTORY.

On December 16, 2014, Plaintiffs Tito E. Menjiva ("Menjiva") and Joan Cale ("Cale"), on behalf of themselves and others similarly situated, filed a complaint against Defendants E & L Construction Service, LLC and Erick Hernandez. Doc. No. 1. Menjiva and Cale contended that they had been unlawfully denied overtime compensation and pay at the applicable minimum wage, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. *Id.* On February

17, 2015, Menjiva and Cale filed an amended complaint, adding Hale's Painting and Greg Hale as Defendants.  Doc. No. 8.

Plaintiffs have not filed returns of service as to any Defendant, and none of the Defendants have appeared in the case.   No other individuals filed consents to join the case as Plaintiffs.

On April 21, 2015, Menjiva and Cale filed a joint motion seeking approval of a settlement agreement with "Defendants" and dismissal of the case with prejudice.  Doc. No. 12.  Because Plaintiffs did not attach the settlement agreements to the motion, I denied the motion without prejudice and instructed the parties that any renewed motion must be accompanied by the settlement agreements.  Doc. No. 13.

On May 13, 2015, Menjiva and Cale filed an amended motion for settlement approval and dismissal with prejudice, which was accompanied by two settlement agreements entered into between Menjiva and Cale, respectively, only with Defendants Hale and Hale's Painting.  Doc. No. 14.  That motion has been referred to me by the presiding District Judge for issuance of this Report and Recommendation.

**II.      ANALYSIS.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982), the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  Under *Lynn's Food*, a court may only enter a judgment approving a settlement after it determines that the judgment is stipulated, *see Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013), and that the settlement is fair and reasonable, *see Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

### A. *Terms of the Settlement Agreements.*

Hale's Painting and Greg Hale[1] agree to pay a total of $4,150.00 in two separate checks. Doc. No. 14-1 ¶ 1. The first check will be made payable to Menjiva in the amount of $2,800.00. *Id.* ¶ 1(a). The second check will be made payable to Menjiva's counsel in the amount of $1,350.00. *Id.* ¶ 1(b). In return, Menjiva agrees to a general release of all claims that he may have as of the date of the agreement. *Id.* ¶ 4; *id.* at 4. Menjiva also agrees to a non-disparagement and confidentiality provision. *Id.* ¶ 6.

Hale's painting and Greg Hale agree to pay a total of $3,350.00 in two separate checks. Doc. No. 14-2 ¶ 1. The first check will be made payable to Cale in the amount of $2,000.00. *Id.* ¶ 1(a). The second check will be made payable to Cale's counsel in the amount of $1,350.00. *Id.* ¶ 1(b). In return, Cale agrees to a general release of all claims that he may have as of the date of the agreement. *Id.* ¶ 4; *id.* at 4. Cale also agrees to a non-disparagement and confidentiality provision. *Id.* ¶ 6.

### B. *Whether the Settlement Agreements Are Compromises.*

Under the settlement agreements, Menjiva will receive $2,800.00, and Cale will receive $2,000.00. Doc. No. 14-1 ¶ 1(a); Doc. No. 14-2 ¶ 1(a). Because the parties reached a settlement before the issuance of the Court's FLSA Scheduling Order, there are no answers to the standard Court interrogatories in the record. In the amended motion for settlement approval, Menjiva and Cale do state that "Plaintiff Menjiva claims he is owed $2,800.00 . . . total *in back wages* and Cale claims he is owed $2,000.00 . . . *in back wages* as promised for the job performed." Doc. No. 14.

---

[1] The settlement agreements do not specifically reference the remaining Defendants, E & L Construction Service, LLC and Erick Hernandez. Neither the present motion nor the settlement agreements address whether the remaining Defendants are within the category of "Releasees" covered by the settlement agreements. *See* Doc. No. 14-1 ¶ 4; Doc. No. 14-2 ¶ 4.

In their Amended Complaint, however, Menjiva and Cale also demanded, *inter alia*, an equal amount of liquidated damages.  Doc. No. 8, at 12–14.

Because the settlement agreements provide Menjiva and Cale only the full amount of the back wages allegedly owed, but not liquidated damages, Menjiva and Cale have compromised their claims within the meaning of *Lynn's Food*.  *See, e.g.*, *Barends v. Circle K Stores, Inc.*, No. 8:13-cv-1623-T-35TBM, 2014 U.S. Dist. LEXIS 69126, at *5–6 (M.D. Fla. May 16, 2014) (noting that a compromise existed where a plaintiff claimed liquidated damages were owed, but the settlement agreement did not include an award of such damages), *adopted by* 2014 U.S. Dist. LEXIS 69125 (M.D. Fla. May 20, 2014).

    *C.*    *Whether the Settlements Are Fair and Reasonable Resolutions of Bona Fide Disputes.*

Because Menjiva and Cale have compromised their claims, the Court must evaluate whether the settlement may be approved as a fair and reasonable resolution of a bona fide dispute.  For a court to determine that a bona fide dispute exists, the parties must provide a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims."  *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1220, 1228 (M.D. Fla. 2009).  Through counsel, plaintiffs represent that Defendants maintained that the job was a contracted job and that no records were kept by Defendants concerning the time worked by Menjiva and Cale.  Doc. No. 14 ¶ 3.  Moreover, "[t]here was an ongoing dispute as to which of the Defendants actually employed Plaintiffs."  *Id.*  Accordingly, to avoid the uncertainties of litigation and the attendant attorneys' fees, the parties reached settlement agreements.  In light of the foregoing, I recommend that the Court find that a bona fide dispute over FLSA provisions exists in this case.

Nevertheless, I discern several issues with approving the settlement agreements. First, when the parties have compromised their claims, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) (unpublished opinion cited as persuasive authority). Plaintiffs' counsel will receive $1,350.00 under Menjiva's agreement and $1,350.00 under Cale's agreement. Doc. No. 14-1 ¶ 1(b); Doc. No. 14-2 ¶ 1(b). Counsel for Menjiva and Cale, however, has not submitted any evidence establishing that the amount he will receive under the settlement agreements is reasonable. The parties also did not stipulate in the settlement agreements[2] that the amount of fees were negotiated separately and without regard to the amount Menjiva and Cale agreed to accept. *See Bonetti*, 715 F. Supp. 2d at 1228. Consequently, the record contains insufficient evidence to insure that a conflict has not tainted the settlements.

Second, because a plaintiff may only compromise FLSA claims on the basis of a "dispute over FLSA provisions," gratuitous concessions typically have no place in FLSA settlements. *See Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348–49 (M.D. Fla. 2010). For pervasive general releases to be properly included in FLSA settlements, they must be supported by independent and meaningful compensation. *Bright*, No. 3:10-cv-427-37TEM, 2012 U.S. Dist. LEXIS 33929, at *18–20; *Moreno*, 729 F. Supp. 2d at 1352; *see also Biscardi v. Fla. Sport & Rec. Network, L.L.C.*, No. 6:14-cv-1632-Orl-41KRS, 2015 U.S. Dist. LEXIS 54857,

---

[2] Because neither Hale nor Hale's Painting has appeared in this case, any stipulation would have to be contained in a settlement agreement or in another document filed with the Court.

at *4–5 (M.D. Fla. Mar. 25, 2015), *adopted by* 2015 U.S. Dist. LEXIS 54850 (M.D. Fla. Apr. 27, 2015).

In this case, each settlement agreement includes a broad release of "any and all claims, known and unknown, asserted or unasserted, which [each Plaintiff] has or may have against Releasees as of the date of execution of this Agreement."  Doc. No. 14-1 ¶ 4; Doc. No. 14-2 ¶ 4; *see also* Doc. No. 14-1, at 1, 4; Doc. No. 14-2, at 1, 4.  Although the release, by its plain language, extends well beyond the FLSA claims presented in this case, the parties do not state that this broad release was negotiated for independent and meaningful compensation.  Under such circumstances, the Court may find that the broad general releases render the parties' settlement agreements unfair.

Finally, the settlement agreements contain confidentiality and nondisparagement clauses. *See* Doc. No. 14-1 ¶ 6; Doc. No. 14-2 ¶ 6.  "Provisions in an FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit Plaintiffs' rights under the First Amendment."  *Mills v. AK Sec. Servs., LLC*, No. 3:11-cv-1196-J-37TEM, 2013 U.S. Dist. LEXIS 154609, at *10 (M.D. Fla. Sept. 24, 2013) (citations omitted), *adopted by* 2013 U.S. Dist. LEXIS 154606 (M.D. Fla. Oct. 18, 2013); *accord Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 U.S. Dist. LEXIS 47952, at *4 n.1 (M.D. Fla. Apr. 28, 2010) (determining that the inclusion of a nondisparagement provision in an FLSA settlement "contemplates a judicially imposed 'prior restraint' in violation of the First Amendment"); *Dees*, 706 F. Supp. 2d at 1247 ("An employee's right to a minimum wage and overtime is unconditional, and the district court should countenance the creation of no condition, whether confidentiality or other construct, that offends the purpose of the FLSA.").  Moreover, the confidentiality provision is, at least in part, unenforceable because the agreement has been publicly filed.  *Mills*, No. 3:11-cv-1196-J-37TEM, 2013 U.S. Dist. LEXIS 154609, at *10.

For all of these reasons, the parties have not established that the settlements are fair and reasonable resolutions of bona fide disputes under the FLSA. Should Plaintiffs elect to file a renewed motion for approval of the settlement agreements, Plaintiffs' counsel should address in that motion why Plaintiffs are, apparently, agreeing to dismiss their claims against E & L Construction Service, LLC and Erick Hernandez with prejudice.[3] Plaintiffs' counsel should also address how Hale and Hale's Painting have stipulated to an agreed order resolving this case as required by *Lynn's Food*, 679 F.2d at 1353.

## III. RECOMMENDATION.

In light of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the Amended Motion for Court Approval of Settlement and Dismissal with Prejudice (Doc. No. 14).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 14, 2015.

                                  *Karla R. Spaulding*
                                  KARLA R. SPAULDING
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Alternatively, Plaintiffs may dismiss their claims against these Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).